# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO POLICE SERGEANTS ASSOCIATION, SERGEANT LISA PRICE, and SERGEANT RICHARD WISER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 08-cv-4214 |
| CITY OF CHICAGO, | ) ) | Judge Robert M. Dow, Jr. |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This case arises out of an eight-count complaint [1] filed by Plaintiffs, Chicago Police Sergeants Association ("the Association"), Sergeant Lisa Price ("Price"), and Sergeant Richard Wiser ("Wiser") (collectively "the Plaintiffs"), against Defendant, the City of Chicago ("the City"). Plaintiffs' claims are based on the City's promotional examination for the rank of lieutenant, and the City's use of a re-test in promoting applicants after unspecified administration problems hindered the first test. Currently before the Court is Defendant's motion to dismiss the complaint [16] for failure to state a cognizable claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Notably, among Defendant's arguments are that Plaintiffs are barred from maintaining their action based on the *Rooker-Feldman* Doctrine. If that doctrine applies, the Court lacks subject matter jurisdiction, and therefore Rule 12(b)(1), rather than 12(b)(6), governs this portion of Defendant's motion. The distinction matters because evidence extrinsic to the pleadings – which both parties have submitted – may be considered in deciding motions under the former rule, but not under the latter rule.

For the reasons stated below, Defendant's motion is denied.

**I.     Background**[1]

The Chicago Police Sergeants Association, is an Illinois not-for-profit corporation. Price and Wiser both hold the rank of Sergeant with the Chicago Police Department. (Compl. ¶¶ 6-8.)

In July 2006, the City announced that it would be conducting an examination for the rank of lieutenant, comprising written and oral portions. In order to take the oral portion, an applicant first had to pass the written portion, which both Price and Wiser did. (*Id.* ¶¶ 16-17.) The oral portion was made up of seven different scenarios. (*Id.* ¶ 21.) These scenarios were designed to test the applicants' immediate responses to particular situations and determine whether the applicants possessed certain desirable traits in a lieutenant (such as eloquence, empathy, and the ability to think on one's feet). (*Id.* ¶¶ 24, 30.) For the first scenario, applicants were given twenty-minutes to prepare a response, but the final six scenarios were videotaped recordings. Each applicant would view a clip and then had ninety-seconds to give a response. (*Id.* ¶¶ 22-23.)

Wiser and Price took the oral portion on January 6, 2007 ("the January exam"), but were told that 51 of the 660 results might not have been properly recorded. (*Id.* ¶¶ 17-18, 28.) The City responded to the situation by allowing anyone to take a re-test on June 23, 2007 ("the June re-test"), or to rest on his or her January exam performance. (*Id.* ¶ 25.) The re-test consisted of the same questions as had appeared on the January exam (*id.*), which Plaintiff alleges essentially turned an exercise in quick thinking into an effort at memorization (*id.* ¶ 32). Moreover, after the January exam, but before the June re-test, certain applicants – but not Price and Wiser – received information from "senior command personnel" or "other supervisors" about the proper format

---

[1] For purposes of Defendants' motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). However, Plaintiffs' complaint does not receive deference with regard to Defendant's subject matter jurisdiction challenge.

2

for answering the test questions. (*Id.* ¶ 33.) Plaintiff argues that because the test procedures did not accurately measure the skills needed to be a lieutenant, the test violated the City's Personnel Rules. (*Id.* ¶ 32.) The relevant rule provides that "the test shall be held in such ways and under such conditions as to prevent fraud or other misconduct." (*Id.* ¶ 14 (quoting Rule 9, § 4 of the City's Personnel Rules).)

In addition to not having received guidance from higher-ups, Price, Wiser, and other applicants, had made travel and furlough plans at the time of the June re-test. Other applicants could not take the re-test because they could not get the day off. (*Id.* ¶ 35.)

Count I of the complaint alleges that the City violated the "*Shakman* Decree," which refers to consent decrees that "enjoined the City from 'conditioning, basing or affecting of employment with the City of Chicago on political reasons or factors while maintaining the ability of the elected officials of the City lawfully to establish, manage and direct the policies and affairs of the City.'" *O'Sullivan v. City of Chicago*, 396 F.3d 843, 848 (7th Cir. 2005). Count II alleges that the City breached its collective bargaining agreement with the Association, in violation of state law and 29 U.S.C. § 185 (suits by and against labor organizations).

Count III seeks from the Court a writ of mandamus to compel the City to, *inter alia*, discard the 2007 round of testing, discontinue using the 2007 tests as a basis for promotions, and establish a new test to be used in examining applicants for lieutenant. Count IV seeks a permanent injunction which overlaps to a large degree with the requested writ, while Count V seeks a temporary injunction. Count VI of the complaint alleges that the City breached a fiduciary duty to the Association's members. Count VII alleges that the City made fraudulent misrepresentations concerning its promotion practices. Count VIII seeks declaratory relief, specifically a ruling from the Court that the City's practices are "unjust and/or violative of [the

Association's members'] rights" and holding the City in contempt for violating the *Shakman* Decree.

## II. Analysis

### A. Legal Standard on Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

Defendant advances four bases for dismissal. The first is jurisdictional: Defendant argues that the *Rooker-Feldman* doctrine applies in this case, which would deprive the Court of subject matter jurisdiction. Defendant's final three arguments are affirmative defenses;

4

Defendant argues that *res judicata*, the applicable statutes of limitations, and *laches*, all bar recovery by Plaintiffs.

### B. *Rooker-Feldman* Doctrine

Defendant's first argument is that the *Rooker-Feldman* doctrine requires Plaintiffs' case to be dismissed for want of subject matter jurisdiction. A challenge based on the Court's lack of subject matter jurisdiction is properly brought in a motion under Federal Rule of Civil Procedure 12(b)(1), rather than as a motion to dismiss under Rule 12(b)(6). See also Fed. R. Civ. P. 12(h)(3) (court must dismiss for lack of subject matter jurisdiction). The Court construes Defendant's motion as an attack under Rule 12(b)(1), which makes consideration of evidence extrinsic to the pleadings appropriate. *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("the district court had not only the right, but the duty to look beyond the allegations of the complaint to determine that it had jurisdiction to hear the landowners' claim"). There is no risk of prejudice to Plaintiffs, both because Plaintiffs have submitted exhibits along with their opposition and because the Court finds that the *Rooker-Feldman* doctrine does not apply to this case.

The *Rooker-Feldman* bars "a party losing in state court * * * from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *DeGrandy v. Johnson*, 512 U.S. 997, 1005-06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). In *Rooker*, one of the doctrine's eponymous cases, plaintiffs who lost in state court filed a case in federal court, arguing that the state court judgment itself violated the constitution. 263 U.S. at 414-15. In *Feldman*, a state-court loser initiated an action against the District of

Columbia Court of Appeals, which had refused to grant a waiver to a bar admission rule. 460 U.S. at 466-67. In both cases, application of the doctrine was appropriate because Congress empowered only the Supreme Court to exercise appellate jurisdiction over a state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005) (recounting the Supreme Court's limited implementation of the doctrine).

In 2005, the Supreme Court clarified that *Rooker-Feldman* applies only in the exceptional case: "The *Rooker-Feldman* doctrine * * * is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments * * * inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. The doctrine does not apply to "federal actions that simply raise claims previously litigated in state court." *Id.* at 287 & n.2 (cataloguing the numerous cases in which the doctrine was mentioned "only in passing or to explain why those cases did not dictate dismissal"). Rather, state law preclusion principles determine whether the action can move forward in the majority of cases – but "[p]reclusion, of course, is not a jurisdictional matter." *Id.* at 293.

Determining whether the doctrine applies in this case does not present a thorny matter. Defendant argues that an earlier, unsuccessful lawsuit brought by *different* plaintiffs to enjoin the June re-test mandates the application of the doctrine. See generally *Pallohusky v. City of Chicago*, 07 CH 13182 (Cir. Ct. Cook County 2007); [18-6]; [18-7]. The apparent basis for concluding that the doctrine applies is that the earlier plaintiffs were represented by the same counsel as Plaintiffs in this case. (Def. Mem. at 3.) That argument does not fit within the limited *Rooker-Feldman* framework. Although lawyers' actions may bind parties (*Aurora Loan Svcs., Inc. v. Craddieth*, 442 F.3d 1018, 1028 (7th Cir. 2006)), they are not parties themselves (*cf. AAR*

6

*Int'l, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 522-23 (7th Cir. 2001)). Put another way, lawyers can lose cases, but the mere fact of multiple clients does not make them "state-court losers" (*Exxon Mobil*, 544 U.S. at 284) for purposes of the *Rooker-Feldman* doctrine. That designation is reserved for actual parties to a case.

For the foregoing reasons, Defendant's motion to dismiss for lack of subject matter jurisdiction is denied. For the remainder of Defendant's motion, which sounds in Rule 12(b)(6), extrinsic evidence may not be considered by the Court.

### C. *Res judicata* and *Laches*

Defendant's next argument is that the state court judgment in *Pallohusky v. City of Chicago*, 07 CH 13182 (Cir. Ct. Cook County 2007), bars Plaintiff's suit, as a matter of state preclusion law. This argument is not well taken, at least not at this time. *Res judicata* is an affirmative defense (Fed. R. Civ. P. 8(c)), which generally cannot be raised until a motion for judgment on the pleading pursuant to Federal Rule of Civil Procedure 12(c). See *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 664 (7th Cir. 2007). Nonetheless, *res judicata* may provide grounds for dismissal under Rule 12(b)(6) where a plaintiff has pleaded herself out of court by establishing the facts that prove the defense. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (plaintiff can plead self out of court based on *res judicata*).

Under Illinois law, *res judicata* will bar an action where there is: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an identity of parties or their privies. *In re Liquidation of Legion Indem. Corp.*, 870 N.E.2d 829, 834 (Ill. App. Ct. 2007). Without analyzing the first two prongs, the Court determines that there is an insufficient basis from which the Court may determine whether the plaintiffs in the first case were in privity with Plaintiffs in this case.

7

To be sure, the fact that the plaintiffs in *Pallohusky* are not the same as Plaintiffs in this case does not foreclose the possibility that preclusion principles may bar Plaintiffs' action. "A nonparty may be bound under privity if his interests are so closely aligned to those of a party that the party is the virtual representative of the nonparty." *City of Rockford v. Unit Six of Policemen's Benevolent and Protective Ass'n of Ill.*, 840 N.E.2d 1283, 1289-90 (Ill. App. Ct. 2005). In *City of Rockford*, an Illinois court awarded summary judgment in favor of the city where a union sought to attack the dismissal of an employee who already had brought and lost his own case. However, the *City of Rockford* Court cited with apparent approval the conclusion reached by a sister court that "there is generally no prevailing definition of 'privity' which can automatically be applied to all cases; that determination requires a careful examination into the circumstances of each case." *Purmal v. Robert N. Wadington & Assocs.*, 820 N.E.2d 86, 94-95 (Ill. App. Ct. 2004). Because the Federal Rules of Civil Procedure are based on a liberal, notice-pleading standard, Plaintiffs need not (and in this case have not) provided sufficient factual information in their complaint from which this Court may determine whether the plaintiffs in *Pallohusky* were in privity with the Plaintiffs in this litigation. See also *In re Liquidation of Legion Indem. Corp.*, 870 N.E.2d at 836 ("The determination of the privity of the parties to litigation is determined on a case-by-case basis.").

A similar result obtains with regard to Defendant's *laches* argument. The equitable defense of *laches* requires Defendant to show that (1) Plaintiff has exhibited an unreasonable delay in asserting a claim and (2) the opposing party has suffered prejudice as a result of the delay. *In re Estate of Beckhart*, 864 N.E.2d 1002, 1007 (Ill. App. Ct. 2007). Defendant does not point to specific aspects of the complaint that establish the defense, nor does the Court perceive sufficient facts on its own reading to establish the defense.

8

Defendant's motion to dismiss based on *res judicata* and *laches* is denied.

### D. Statutes of Limitations

Defendant raises limitations issues with respect to Plaintiffs' *Shakman* claim and with respect to Plaintiffs' state law claims. Defendant apparently has not moved to dismiss the Association's claim against the City under 29 U.S.C. § 185. See generally *Int'l Union of Elevator Constructors v. Home Elevator Co., Inc.*, 798 F.2d 222 (7th Cir. 1986). Like *res judicata* and *laches*, a plaintiff's failure to adhere to the statute of limitations generally is not amenable to dismissal at the motion to dismiss phase. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

#### 1. Shakman *Decree*

Defendant argues that Plaintiffs' effort to enforce the *Shakman* decree (see *Shakman v. Democratic Org. of Cook County*, 481 F. Supp. 1315 (N.D. Ill. 1979)) and its progeny is time barred. The decrees prevent the city from making hiring and promotion decisions based on political affiliation. See *O'Sullivan v. City of Chicago*, 396 F.3d 843, 847-849 (7th Cir. 2005) (providing a brief history of the *Shakman* litigation).

In *Smith v. City of Chicago*, the Seventh Circuit held that contempt proceedings under the *Shakman* decree must be brought within a 180-day limitations period. 769 F.2d 408, 413 (7th Cir. 1985). Defendant argues that Plaintiffs have failed to comply with the limitations period because their cause of action accrued, at the latest, at the time of the June 23, 2007 re-test. Plaintiffs' opposition to Defendant's motion notes that they allege a continuing injury from the use of the June re-test in making promotions, including promotions in August 2008.

Judge Easterbrook's opinion in *Smith* borrowed the limitations provision from Title VII for cases under *Shakman*. *Smith*, 769 F.2d at 413 ("In order to promote clarity, we adopt the

9

entire corpus of Title VII timing rules, including those defining the accrual of the claim and tolling the period of limitations."). The seminal case providing guidance to lower courts as to when the Title VII limitations period begins to run is *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). In *Morgan*, the Supreme Court held that, for discrete acts of discrimination, each new "unlawful employment practice" starts a new statute of limitations clock. *Id.* at 109-110. However, the present effects of past discrimination do not constitute new discrete acts which allow recovery. See, *e.g.*, *United Air Lines v. Evans*, 431 U.S. 553, 557-58 (1976) (plaintiff barred from recovery based on theory of continuing effect of discriminatory seniority system). The question becomes what constitutes an unlawful employment practice in situations in which a Defendant bases conduct at a later date on a policy that was adopted at an earlier date?

> The existence of past acts and the employee's prior knowledge of their occurrence * * * does not bar employees from filing charges about related discrete acts *so long as the acts are independently discriminatory* and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.

*Morgan*, 536 U.S. at 113 (emphasis added); see also *Hildebrandt v. Ill. Dept. of Natural Res.*, 347 F.3d 1014, 1026-27 (7th Cir. 2003) (explaining how *Morgan* "clarified the applicability of the 'continuing violation' doctrine"). The clock generally begins to run when a plaintiff discovers that she has been injured, and the limitations period in Title VII cases is subject to principles of estoppel and tolling. See, *e.g.*, *Bishop v. Gainer*, 272 F.3d 1009, 1014 (7th Cir. 2001).

The foregoing demonstrates why it generally is premature at the motion to dismiss phase to rule that a case is time-barred – factual questions often abound. Such is the case here. For example, Plaintiffs include in their complaint the allegation that certain applicants were in

10

essence coached on how to perform well on the test (allegedly in violation of *Shakman*). (Compl. ¶ 33.) The complaint does not specify when Plaintiffs learned this information. Thus, even without determining whether each promotion based on the June re-test violates *Shakman*, as Plaintiff contends, the Court determines that Plaintiffs have not pleaded themselves out of court by establishing the City's affirmative defense. See also *Morgan*, 536 U.S. at 113 (equitable doctrines apply to Title VII limitations period); *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009) (dismissal appropriate where it was "clear from the face of the amended complaint that it [was] hopelessly time-barred"); *Everett v. Cook County Bd. of Comm'rs*, 2008 WL 94791, at *3-4 (N.D. Ill. Jan. 8, 2008) (plaintiff pleaded sufficient facts to establish equitable tolling at the pleading stage).

### 2. *State Law Claims*

With respect to Plaintiffs state law claims, both parties agree that Plaintiffs had one year to file their suit, pursuant to 745 ILCS 10/8-101(a). That provision provides for a limitations period of "one year from the date that the injury was received or the cause of action accrued." *Id.* Defendant's memorandum of law devotes half of a page to the argument that Plaintiffs' state law claims are time-barred, doing little more than noting the date of the June re-test and citing the Illinois limitations provision. (Def. Mem. at 9-10.)

The Court need not engage in the fulsome analysis that Defendant omitted, for it is apparent that Plaintiffs have not pleaded themselves out of court. For example, with respect to the Association's claim that the City breached the collective bargaining agreement, it is impossible for the Court to determine whether and when either party breached the agreement when that agreement is not part of the record. The same is true for the breach of fiduciary duty claim, which also is based on the collective bargaining agreement. Likewise, Plaintiffs have not

pleaded themselves out of court on their fraudulent misrepresentation claim, because the complaint does not specify when the allegedly fraudulent statements were made. (See Compl. ¶¶ 78-83.)

## III.    Conclusion

For the foregoing reasons, Defendant's motion to dismiss [16] is denied.

Dated:  May 8, 2009

Robert M. Dow, Jr.
United States District Judge