IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO POLICE SERGEANTS )
ASSOCIATION, an Illinois not for profit )
corporation, SERGEANT LISA PRICE, )
an individual, SERGEANT RICHARD )
WISER, an individual, ) No. 08 C 4214
)
          Plaintiffs, ) Judge Dow
)
v. ) Magistrate Judge Cole
)
CITY OF CHICAGO, a Municipal )
Corporation, )
)
          Defendant. )

## MEMORANDUM OPINION AND ORDER

The City's Motion to Compel Discovery Responses [#56] states that the City has not received responses to its interrogatories and requests to produce, which were propounded on August 3, 2009. The motion goes on to say that counsel for the plaintiff has not been responsive to an October 13, 2009 telephone call and that it has not honored its promise to respond to written discovery by November 6, 2009 – a promise to which the City objected in any event because of the imminency of the discovery closure date. The motion concludes by stating that the requested discovery responses are needed to enable the City to "formulate its defense and to prepare for depositions."

But that is all the motion says. There is no supporting memorandum of law, and the motion, itself, cites not a single case. Indeed, it does not even explain what the case is about, what the requests consist of, and why they are relevant. It merely refers the court to certain docket entries where the plaintiff's Motion to Dismiss Counts II and VI of the Complaint may be found and where the court's granting of that motion is located. *Cf. Casna v. City of Loves Park*, 574 F.3d 420, 424

(7th Cir. 2009)("'Judges are not like pigs hunting for truffles buried in' the record."). The motion does not comply with my Case Management Procedures, which are also on the website and is insufficient for the reasons explained at length in *Kyles v. J.K. Guardian Sec. Services*, 236 F.R.D. 400 (N.D.Ill. 2006) and *McWilliams v. McWilliams*, 2006 WL 3775952 (N.D.Ill. 2006).[1]

What is mystifying about the City's Motion is that it ignores the Memorandum Opinion and Order of 11/2/09 in which I denied the plaintiff's Motion to Compel discovery because it did not comply with my Case Management Procedures and was insufficient under *Kyles* and *McWilliams*. Like the plaintiff's motion, the kind of skeletal presentation in the City's motion provides no information for the court to make an informed decision and puts the onus on the court to do the analysis that the Seventh Circuit has repeatedly said is the job of counsel, not the court. *See Asta, L.L.C. v. Telezygology, Inc.*, 629 F.Supp.2d 837, 847 (N.D.Ill. 2009)(collecting Seventh Circuit cases).

The City cannot be heard to say that it expected that the plaintiff would respond in writing and that it would then be able to say what needed to be said in the reply brief. Arguments raised for the first time in a reply brief that could and should have been raised in the opening brief give the author of the reply brief an unfair advantage and are generally deemed waived. *See Carter v.*

---

[1] My Case Management Procedures require that

"All motions shall be supported by memorandum, not to exceed 15 pages (Local Rule 7.1), containing principled argument and relevant authority. Skeletal and unsupported arguments will not be considered. *See, White Eagle Co-opinion Ass'n v. Conner*, 553 F.3d 467, 476 n. 6 (7th Cir. 2009). There is nothing novel about these principles. *See, e.g., Alexander v. City of South Bend*, 433 F.3d 550, 552 (7th Cir.2006); *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir.2005); *McKevitt v. Pallasch*, 339 F.3d 530, 533 (7th Cir.2003)(Posner, J.)."

2

*Tennant Co.*, 383 F.3d 673, 679 (7th Cir. 2004). The waiver doctrine in this context ensures that a party's right to be heard is not abridged and that the court does not have a one-sided presentation, with its inevitably adverse effects on the accuracy of the judicial process. *See United States v. Boyle*, 484 F.3d 943, 946 (7th Cir. 2007)(arguments are forfeited); *United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir. 2006); *Carter v. Tennant Co.*, 383 F.3d 673, 679 (7th Cir. 2004). *Cf. Adamson v. California*, 332 U.S. 45, 59 (1946)(Frankfurter, J., concurring)("the judicial process [is] at its best" only when there are "comprehensive briefs and powerful arguments on both sides....").

Nonetheless, no litigant has the right to disregard its opponent's letters or telephone calls and ignore for extended periods its own discovery obligations, as the City's motion claims the plaintiff has done. All parties are equally obligated to participate fairly and cooperatively in discovery. *See* Rule 37, Federal Rules of Civil Procedure; *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006); *Zenith Electronics Corp. v. WH-TV Broadcasting Corp.*, 395 F.3d 416 (7th Cir. 2005); *Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589 (7th Cir.1992); *Lorillard Tobacco v. Montrose Wholesale*, 2006 WL 2434031 (N.D.Ill.2006); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 342 (N.D.Ill.2005)(collecting cases). To that end, the parties are ordered immediately to have a face- to- face (not by phone) Rule 37 conference. The parties will report on the results of that conference on 11/6/09 at 8:30 am.

In the event this dispute is not resolved, any further motions will be decided against the backdrop of Judge Easterbrook's panel opinion in *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994): "'The great operative principle of Rule 37(a)(4) is that the loser pays.' Charles Alan Wright & Arthur R. Miller, 8 Federal Practice and Procedure § 2288 at 787 (1970). Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution

3

and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." (Parenthesis in original).

The City's Motion to Compel [#56] is denied without prejudice for the same reasons the plaintiff's comparably crafted motion was denied on 11/2/09. [#55].

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 11/4/09