**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO POLICE SERGEANTS | ) | |
| ASSOCIATION, SERGEANT LISA PRICE, | ) | |
| and SERGEANT RICHARD WISER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 08-cv-4214 |
| | ) | |
| CITY OF CHICAGO, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this case, Plaintiffs Chicago Police Sergeants Association ("the Association"), Sergeant Lisa Price ("Price"), and Sergeant Richard Wiser ("Wiser") (collectively "Plaintiffs") filed an eight-count complaint [1] against Defendant City of Chicago ("the City"). Plaintiffs' claims are based on the City's promotional examination for the rank of police lieutenant, and the City's use of a re-test in promoting applicants after unspecified administration problems hindered the first test. Currently before the Court is Defendant's motion to dismiss the complaint for lack of standing pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure [101].

For the reasons stated below, the Court finds that the complaint fails to properly plead a claim arising under the *Shakman* Decrees. Accordingly, Count I of the complaint (styled "SHAKMAN DECREE") must be dismissed pursuant to Rule 12(c). Because Count I is the only remaining count over which the Court has original jurisdiction, the other state law counts are subject to dismissal pursuant to the "usual practice" in the Seventh Circuit of "dismiss[ing] without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); see also 28 U.S.C. §

1367(c)(3).  However, Plaintiffs are given 21 days from the date of this order in which to file an amended complaint if they believe that the pleading deficiencies discussed below can be cured.[1]

## I.    Factual Background[2]

The Chicago Police Sergeants Association is an Illinois not-for-profit corporation.  Price and Wiser both hold the rank of Sergeant with the Chicago Police Department.  (Compl. ¶¶ 6-8.)

In July 2006, the City announced that it would be conducting an examination for the rank of lieutenant, comprising written and oral portions.  In order to take the oral portion, an applicant first had to pass the written portion, which both Price and Wiser did.  (*Id.* ¶¶ 16-17.)  The oral portion was made up of seven different scenarios.  (*Id.* ¶ 21.)  These scenarios were designed to test the applicants' immediate responses to particular situations and determine whether the applicants possessed certain desirable traits in a lieutenant (such as eloquence, empathy, and the ability to think on one's feet).  (*Id.* ¶¶ 24, 30.)  For the first scenario, applicants were given twenty-minutes to prepare a response, but the final six scenarios were videotaped recordings.  Each applicant would view a clip and then had ninety-seconds to give a response.  (*Id.* ¶¶ 22-23.)

Wiser and Price took the oral portion on January 6, 2007 ("the January exam"), but were told that there were unspecified "problems with the administration" of 51 of the 660 tests and those results might not have been properly recorded.  (*Id.* ¶¶ 17-18, 28, 36.)  The City responded to the situation by allowing anyone to take a re-test on June 23, 2007 ("the June re-test"), or to rest on his or her January exam performance.  (*Id.* ¶ 25.)  The June re-test consisted of the same

---

[1] Because the Court dismisses the Plaintiff's complaint in its entirety pursuant to Rule 12(c) and 28 U.S.C.A. § 1367(c)(3), it does not address at this time Defendant's arguments under Rule 12(b)(1) that Plaintiffs lack standing to bring their claims.  Nothing in this opinion should be construed to prevent Defendant from reasserting its standing arguments should Plaintiffs cure their pleading deficiencies in an amended complaint.

[2] For purposes of Defendants' 12(c) motion, the Court assumes as true all well-pleaded allegations set forth in the complaint and draws all reasonable inferences in favor of Plaintiff.  See, *e.g. Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004).

questions that had appeared on the January exam (*id.*), which Plaintiffs allege essentially turned an exercise in quick thinking into an effort at memorization (*id.* ¶¶ 32, 37). Moreover, after the January exam, but before the June re-test, certain applicants – but not Price and Wiser – are alleged to have had access to "senior command personnel" or "other supervisors" who allowed them to review the test questions and provided them with information about the proper format and order of answers. (*Id.* ¶ 33.) Plaintiff argues that because the test procedures did not accurately measure the skills needed to be a lieutenant, the test violated the City's Personnel Rules. (*Id.* ¶ 32.) The relevant rule provides that "the test shall be held in such ways and under such conditions as to prevent fraud or other misconduct." (*Id.* ¶ 14 (quoting Rule 9, § 4 of the City's Personnel Rules).)

In addition to not having received guidance from higher-ups, Price, Wiser, and other applicants, had made travel and furlough plans at the time of the June re-test. Other applicants could not take the re-test because they could not get the day off. (*Id.* ¶ 35.) Furthermore, the City had not evaluated or graded the January 6, 2007 oral exam at the time the sergeants were required to decide if they should sit for the retest. Accordingly, sergeants could not make an informed decision as to whether they should sit for the retest or rest on their prior score. (*Id.* ¶ 26.)

Count I of the complaint alleges that the City violated the "*Shakman* Decree." Count III seeks from the Court a writ of mandamus to compel the City to, *inter alia*, discard the 2007 round of testing, discontinue using the 2007 tests as a basis for promotions, and establish a new test to be used in examining applicants for lieutenant. Count IV seeks a permanent injunction which overlaps to a large degree with the requested writ, while Count V seeks a temporary injunction. Count VII alleges that the City made fraudulent misrepresentations concerning its

promotion practices. Count VIII seeks declaratory relief, specifically a ruling from the Court

that the City's practices are "unjust and/or violative of [the Association's members'] rights" and

holding the City in contempt for violating the *Shakman* Decree.[3]

## II.    Legal Standard

As an initial matter, Plaintiffs oppose Defendant's motion on the ground that a defendant

cannot argue in a Rule 12(c) motion that a complaint fails to properly plead a cause of action. Pl.

Resp. at 11-12. According to Plaintiffs, "where the litigant is asserting that there has been a

failure to 'state a claim upon which relief can be granted,'" such arguments are only "properly

asserted in a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss." *Id.* at 12. Because a 12(b)(6) motion

would be untimely in this case (as Defendant has answered the complaint), Plaintiffs contend

that Defendant's "12(c) motion" should be denied. Unfortunately for Plaintiffs, their

understanding of Rule 12(c) is wholly incorrect.

A Rule 12(c) motion for judgment on the pleadings permits a party to move for judgment

after both the plaintiff's complaint and the defendant's answer have been filed. Fed. R. Civ. P.

12(c); *Brunt v. Serv. Employees Int'l Union,* 284 F.3d 715, 718 (7th Cir. 2002). A court should

grant a Rule 12(c) motion only when it appears beyond a doubt that the plaintiff cannot prove

any facts to support a claim for relief and the moving party demonstrates that there are no

material issues of fact to be resolved. *Id.* at 718-719. Rule 12(c) motions are reviewed under the

same standard as Rule 12(b)(6) motions to dismiss. *Piscotta v. Old Nat'l Bancorp,* 499 F.3d 629,

633 (7th Cir. 2007). In considering a motion for judgment on the pleadings, courts should

consider the "pleadings," which include the complaint, answer, and any written instruments

---

[3] On October 13, 2009, the Court entered an order [49] granting Plaintiffs' motion to voluntarily dismiss
Count II (breach of collective bargaining agreement) and Count VI (breach of fiduciary duty for violating
the collective bargaining agreement) of the complaint.

attached as exhibits. *In re Fultz*, 232 B.R. 709, 717-719 (Bankr. N.D. Ill. 1999). Of course, courts also may consider the motion itself and the response in opposition thereto. *Id*.

Federal Rule of Civil Procedure 12(h)(2) specifically allows a party to argue that the plaintiff has "fail[ed] to state a claim upon which relief can be granted" through the vehicle of a motion under Rule 12(c). Recognizing this, the Supreme Court has noted that "Under Rule 12(h)(2), [the objection that a complaint fails to state a claim upon which relief can be granted] endures up to, but not beyond, trial on the merits: 'A defense of failure to state a claim upon which relief can be granted ... may be made in any pleading ... or by motion for judgment on the pleadings, or at the trial on the merits.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006) (ellipsis in original) citing *Kontrick v. Ryan*, 540 U.S. 443, 445-46 (2004); see also *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989) ("Under FRCP 12(c) defendants essentially raised a proper FRCP 12(b)(6) motion by challenging the sufficiency of the complaint as allowed under Rule 12(h)(2)"). Accordingly, the Seventh Circuit has held that held that "a 12(b)(6) motion filed after an answer has been filed is to be treated as a 12(c) motion for judgment on the pleadings and can be evaluated under the same standard as a Rule 12(b)(6) motion." *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 757 n. 1 (7th Cir. 2006) (citing *Lanigan v. Vill. of East Hazel Crest, Illinois,* 110 F.3d 467, 470 n. 2 (7th Cir. 1997)).[4]

Because Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions to dismiss, the Court will briefly summarize that more familiar standard. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with

---

[4] Thus, as Defendant correctly notes (Reply at 4 n. 1), whether a motion is "mislabeled" as a 12(b)(6) motion is neither here nor there, because the court will treat an untimely Rule 12(b)(6) motion as a motion brought under Rule 12(c). *McMillan*, 455 F.3d at 757 n. 1.

Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 569 n. 14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 546. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citations, quotation marks, and brackets omitted). Again, in deciding this motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *Thomas*, 381 F.3d at 704.

## III. Discussion

### A. Plaintiffs' *Shakman* Claim

Plaintiffs allege that they are bringing a civil action "for a rule to show cause for noncompliance with, and otherwise enforce the terms of, the *Shakman Decree*." Compl. ¶ 1. Count I of Plaintiffs' complaint is styled "Shakman Decree" and alleges that Plaintiffs' have been adversely affected and injured as a result of the City of Chicago's "failure to comply with the provisions of the *Shakman Decree*" with regard to its "promotional process" and "other employment practices." *Id*. at ¶¶ 47-48.

On May 5, 1972, following litigation in the Northern District of Illinois and the Seventh Circuit,[5] the City of Chicago entered into a consent decree in which it agreed not to consider political activity or affiliation when making employment decisions concerning current employees. See *O'Sullivan v. City of Chicago*, 396 F.3d 843, 847-849 (7th Cir. 2005) (providing a brief history of the *Shakman* litigation).[6] Specifically, the Decree prevents the City from "conditioning, basing or knowingly prejudicing or affecting any term or aspect of governmental employment, with respect to one who is at the time already a governmental employee, upon or because of any political reason or factor." *Shanahan v. City of Chicago*, 82 F.3d 776, 780 (7th Cir. 1996) (quoting *Shakman v. Democratic Org. of Cook County,* 481 F. Supp. 1315, 1358 (N.D. Ill. 1979)), *vacated, Shakman v. Dunne,* 829 F.2d 1387 (7th Cir.1987), *cert. denied*, 484 U.S. 1065 (1988)).

To establish a *Shakman* violation, Plaintiffs must prove that a political reason or factor was the cause of the complained of decision. *Shanahan v. City of Chicago,* 82 F.3d 776, 780 (7th Cir. 1996); see also *Cusson-Cobb v. O'Lessker,* 953 F.2d 1079, 1081 (7th Cir. 1992). Once a plaintiff shows cause, the burden shifts to the defendant to show that it would have made the same decision notwithstanding the protected conduct. *Shanahan,* 82 F.3d at 780. A plaintiff alleging a violation of the *Shakman* Decrees has the burden of proof by clear and convincing evidence. *Everett v. Cook County*, 2010 WL 1325681, at *7 (N.D. Ill. March 30, 2010).

Defendant argues that Plaintiffs have not adequately pled a claim based on the *Shakman* Decrees because Plaintiffs do not allege that political considerations played any role whatsoever in the events referenced in the complaint. Defendant further argues that the *Shakman* claim is

---

[5] See *Shakman v. Democratic Org. of Cook County,* 310 F. Supp. 1398, 1401 (N.D. Ill. 1969); *Shakman v. Democratic Org. of Cook County,* 435 F.2d 267, 268 (7th Cir. 1970) ("*Shakman I* ").

[6] A subsequent Consent Decree bars the City from basing hiring decisions on political affiliation. *Id.*

insufficiently pled because it fails to allege that anyone at the City knew of (much less alone considered) Plaintiffs' (or other test-taker's) political affiliations. Finally, Defendant argues that the vague allegation that "certain applicants had access to senior command personnel" to review the test questions cannot support a *Shakman* claim, where the complaint fails to identify any specific supervisors who granted such access, any specific applicants who supposedly were favored, or the political affiliations of any of those allegedly involved.

In response, Plaintiffs argue that they have "alleged specific *Shakman* Decree violations throughout the complaint." Resp. Br. at 9 (citing Cmplt. ¶¶ 47, 48, 50). The portions of the complaint cited by Plaintiffs fall under the heading "Count I- *Shakman Decree*" and read in their entirety as follows:

> 47.    CPSA members' reputations, good standing within the department, and the community, as well as their actual and potential livelihoods have been adversely effected [sic] as a direct, and proximate, result of the City of Chicago's failure to comply with the provisions of the *Shakman Decree* with regard to its promotional process.

> 48.    Further, CPSA members have sustained injury to their associational rights as voters based on Defendant's failure to comply with the *Shakman Decree* and other employment practices.

> 50.    The injuries rise above a general employee grievance and have been to the determinant of Sergeants Price and Wiser, as well as the CPSA present, and future, membership.

Upon careful review of these portions (and the balance) of the complaint, the Court agrees with Defendant that Plaintiffs have failed to state a claim upon which relief can be granted based on the *Shakman* Decrees. Plaintiffs' conclusory incantation of the word "*Shakman*" at various places throughout their complaint is not, by itself, sufficient to state a claim. *Twombly*, 550 U.S. at 555 (a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions). There simply are no factual allegations in the complaint sufficient to raise above the "speculative level" any possibility that the City's conduct

regarding the June re-test was politically-motivated or to put the City on notice of the nature of any *Shakman*-related claims against it. *Concentra Health Svcs., Inc.*, 496 F.3d at 776.

First and foremost, Plaintiffs neither allege that a "political reason or factor was the cause of" any of the City's actions with regard to the June re-test nor plead facts which would allow the Court to infer any such motivation. *Shanahan,* 82 F.3d at 780. Plaintiffs do not allege that the City's decision to offer the re-test or the way in which the re-test was conducted was designed to favor or prejudice anyone because of his or her political affiliation or activities.[7] Although Plaintiffs allege that certain applicants had special access to test questions, Plaintiffs do not allege that those who granted the special access acted on the basis of anyone's (either their own or the recipients') political affiliations or activities. Absent any factual allegations showing that the City's actions were intended to favor certain employees *based on political grounds*, Count I fails as a matter of law. *Shanahan,* 82 F.3d at 780; see also *Kozlowski v. Fry*, 238 F. Supp. 2d 996, 1022 (N.D. Ill. 2002) (granting summary judgment on *Shakman* claim because "Plaintiffs do not present the Court with any evidence that Defendants made employment decisions based on the political affiliations"); *Everett*, 2010 WL 1325681, at *7 (plaintiff stated claim under *Shakman* Decrees because "she alleges that she was laid off because of her lack of political activism and affiliation").

Also lacking is any allegation that the City even knew of Price's or Wiser's (or any other applicants') political affiliations. Plaintiffs must plead (and ultimately prove) that City decisionmakers were aware of Plaintiffs' political affiliation in order to succeed on a *Shakman* claim. How could the City discriminate on political grounds if it does know which employees to favor or disfavor? See *Doherty*, 75 F.3d at 326 (motion to dismiss properly granted because

---

[7] Because the June re-test was open to all applicants, it is unclear how the City *could* have designed the re-test to favor one group of applicants over another.

plaintiff "nowhere has alleged that the decisionmaker knew of her nonaffiliation with the Democratic party); *Everett*, 2010 WL 1325681, at \*8 (citing *Shanahan,* 82 F.3d at 781 and *Cusson-Cobb v. O'Lessker,* 953 F.2d 1079, 1081 (7th Cir. 1992)) ("In order to show that Cook County laid her off because she was not politically active, [the plaintiff] must first show that the decisionmakers \*\*\* knew her political affiliation").

In sum, as currently pled, Count I of the complaint is subject to dismissal under Rule 12(c) for failure to state a claim on which relief may be granted. And in view of the facts that have been pled, the Court tends to agree with Defendant that it seems unlikely that Plaintiffs will be able to cure the pleading defects identified above. In that regard, the Court notes that in their brief in opposition to the motion to dismiss, Plaintiffs neither (1) pointed to additional facts obtained in discovery that bolster the existing *Shakman*-related allegations nor (2) requested in the alternative leave to replead. The former omission is particularly noteworthy in view of the indications from Magistrate Judge Finnegan's recent minute order [113], as confirmed on the record at the recent motion hearing on August 31, 2010, that fact discovery in this case is nearly complete – and was as of late July, when Plaintiffs filed their opposition brief. Nevertheless, the Court will allow Plaintiffs 21 days to file an amended complaint if they believe that they can overcome the flaws identified in this order. Should Plaintiffs choose to file an amended complaint, the Court cautions Plaintiffs that mere "conculsory allegations" of discrimination based on political affiliation will not suffice. *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996) (upholding dismissal of suit alleging discrimination based on political affiliation in part because "[i]t is insufficient to make bald allegations that state procedures were biased against a litigant on the basis of political affiliation"). Instead, in order to satisfy the pleading standards discussed above, Plaintiffs must plead sufficient factual allegations showing how City

decisionmakers' conduct regarding the June re-test was politically motivated.  *Concentra Health Svcs., Inc.*, 496 F.3d at 776.[8]

### B.      Dismissal of Remaining Claims

The complaint asserts two bases for federal jurisdiction over this lawsuit: (1) to adjudicate issues pertaining to the *Shakman* Decrees, and (2) to adjudicate the Labor-Management Relations Act claims in this action pursuant to 29 U.S.C. § 185(a).  Cmplt. ¶¶ 3, 4. However, Plaintiffs do not dispute that their invocation of 29 U.S.C. § 185(a) was in regard to Count II (breach of collective bargaining agreement) and Count VI (breach of fiduciary duty for violating the collective bargaining agreement), both of which were voluntarily withdrawn by Plaintiffs.  Accordingly, with the dismissal of Plaintiffs' claim based on alleged violations of the *Shakman* Decrees, there is no longer any basis for original jurisdiction in federal court.

As the Seventh Circuit consistently has stated, "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."  *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additivies  Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993); 28 U.S.C. § 1367(c)(3).

---

[8] The Court also notes that in view of the exigencies identified in Plaintiffs' motion for a temporary restraining order [115], if Plaintiffs conclude that they are not likely to be able to plead a plausible *Shakman* claim, they may want to consider filing a state court complaint, followed in short order by a motion for temporary injunctive relief.  Unless and until Plaintiffs file an amended complaint that includes a plausible claim over which this Court has original jurisdiction, the Court will not be in position to consider – much less grant – any kind of relief, injunctive or otherwise.  Should Plaintiffs wish to forego an amended complaint in this Court and instead proceed directly to state court, they may so advise the Court; the Court then will enter a judgment consistent with this opinion.

Finding no justification to depart from that "usual practice" in this case,[9] the Court dismisses *without prejudice* the remaining counts of Plaintiff's complaint.

## IV.    Conclusion

For the foregoing reasons, Defendant's motion to dismiss and for judgment on the pleadings [101] is granted, and Plaintiffs' complaint [1] is dismissed in its entirety without prejudice.  However, Plaintiffs are given 21 days from the date of this order in which to file an amended complaint if they believe that they can cure the pleading deficiencies identified above as to Count I.

Dated:  September 3, 2010

_____
Robert M. Dow, Jr.
United States District Judge

---

[9] In *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994), the Seventh Circuit noted that there occasionally are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point to a federal decision of the state-law claims on the merits."  None of the justifications discussed in *Wright* exists in this case.